**GLUCK LAW FIRM P.C.**
Jeffrey S. Gluck (SBN 304555)
2125 S. Beverly Drive
Los Angeles, California 90034
Telephone: 310.776.7413

**ERIKSON LAW GROUP**
David Alden Erikson (SBN 189838)
Antoinette Waller (SBN 152895)
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100
Facsimile: 323.465.3177

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JULIAN RIVERA, an individual;<br><br>Plaintiff,<br><br>v.<br><br>WALMART, INC., a Delaware corporation; WALMART APOLLO, LLC, a Delaware limited liability company; ELLEN DEGENERES, an individual; BCL-ED NEWCO LLC, a Delaware limited liability company; and DOES 2-10 inclusive.<br><br>Defendants. | Case No. 2:19-cv-06550 PSG (ASx)<br><br>**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Julian Rivera ("Rivera," or the "Artist") hereby complains against Defendants Walmart, Inc. and Walmart Apollo, LLC (collectively "Walmart"), Ellen DeGeneres ("DeGeneres"), BCL-ED Newco LLC, and Does 2-10 inclusive as follows.

1   FIRST AMENDED COMPLAINT

## SUMMARY OF THE CASE

1. Julian Rivera is a highly acclaimed artist and designer. He is perhaps best known for a design that recurs throughout his work— a particular line drawing of a heart, resembling the word "Love" (the "Design"). As shown below, Rivera has displayed the Design on a variety of products, including apparel.





2. In early 2019, retail giant Walmart collaborated with celebrity talk-show host Ellen DeGeneres on a clothing line they called EV1. Inexplicably, many EV1 pieces prominently featured Plaintiff's Design, as shown below, without Rivera's knowledge or consent.





3. Defendants promoted the EV1 Collection—including the infringing goods—directly to millions of consumers through their social media accounts. As shown below, DeGeneres even promoted the goods during a special segment of her talk show, providing $150 Walmart gift cards to each member of her studio audience so they "can shop the new spring collection."







*Still images from the March 12, 2019 episode of DeGeneres's Talk Show*

4. By all accounts, the EV1 Collection, including the infringing pieces, has been a great success. Defendants' profits have reached many millions of dollars—a significant portion of which may be attributed to use of Rivera's Design.

5. Defendants arrogantly rebuffed Rivera's demand that they cease use of

his work, implausibly claiming they had not copied the work, that their graphic was significantly different, and that Rivera's design reflected no appreciable creativity.

6. Defendants' exploitation of Plaintiff's work is particularly damaging because Rivera has carefully avoided any association with corporate culture or mass-market consumerism. Indeed, Rivera has been diligent in controlling distribution channels of his work. Despite offers, he has very rarely made his original art available as part of corporate advertising campaigns—partly for artistic reasons but also because doing so would diminish the value of his work. Indeed, nothing is more antithetical to a street artist's credibility than association with mass-market consumerism—of which Walmart is the epitome. People who recognized his Design in the EV1 Collection would have concluded that Rivera "sold out," diminishing the value of his work and reputation.

7. Plaintiff brings this straightforward copyright infringement claim for misappropriation of his original graphic expression. Because the Design functions as a source-identifier for Plaintiff's goods, Plaintiff also brings trademark claims.

## JURISDICTION AND VENUE

8. Plaintiff brings this action for copyright infringement (17 U.S.C. Section 101 et seq.), unfair competition under the Lanham Act, and related claims.

9. This Court has original subject matter jurisdiction over this action and the claims asserted herein, pursuant to 28 U.S.C. Section 1331 ("federal question jurisdiction") and 1338(a)-(b) ("patent, copyright, trademark and unfair competition jurisdiction") in that this action arises under the laws of the United States and, more specifically, Acts of Congress relating to patents, copyrights, trademarks, and unfair competition. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. Section 1367(a) ("supplemental jurisdiction") in that they are so related to the federal law intellectual property claims in the action that they form part of the same case or controversy under Article III of the United States Constitution.

10. Defendants are subject to the personal jurisdiction of the Court because they do or transact business in, have agents in, or are otherwise found in and have purposely availed themselves of the privilege of doing business in California and in this District, and because the alleged misconduct was directed to California and this district.

11. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(1)-(3) because a substantial part of the events or omissions giving rise to the claims occurred in this District in that, *inter alia*, the infringing products were sold here.

## THE PARTIES

12. Plaintiff Julian Rivera is and at all times relevant herein was a resident of Brentwood, New York.

13. Defendant Walmart, Inc. is a Delaware corporation authorized to do business, and doing business, in Los Angeles County. Walmart, Inc. operates more than 11,000 stores around the world including more than 5,000 stores in the United States, and has estimated annual revenues of over $500 billion.

14. Defendant Walmart Apollo, LLC is a Delaware limited liability company. Walmart Apollo, LLC was formed in or about January 2018, and is the owner of over 1,000 trademarks used by Walmart—including the EV1 brand.

15. Defendant Ellen DeGeneres is an individual, and on information and belief, is a resident of Los Angeles. A stand-up comedian and actress, DeGeneres is best known for hosting her highly-rated eponymous syndicated daytime television talk show. In addition to her TV audience, Ellen has amassed an incredible social media following with over 75 million followers on Instagram, over 78 million on Twitter, and over 32 million on Facebook. On information and belief, including DeGeneres's statements on her television show and to the press, DeGeneres partnered with Walmart to create, design, promote, distribute, and sell the goods at issue in this case.

16. After filing the original complaint in this matter Plaintiff discovered that DeGeneres' company, BCL-ED Newco LLC ("BCL-ED"), participated in the design, manufacture, and sale of the EV1 Collection infringing pieces. DeGeneres' initial disclosures in this matter served March 30, 2020 identify BCL-ED as the entity that contracted with Walmart to design, manufacture and sell the EV1 brand. In addition, DeGeneres and Walmart identified BCL-ED as having information about the inspiration, design, creation, manufacturing, marketing, sales, and distribution of products bearing the infringing design. Plaintiff therefore substitutes and names BCL-ED as the defendant formerly identified as Doe 1. Plaintiff is informed and believes that BCL-ED is a Delaware limited liability company. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does 2-10, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities when the same has been ascertained. Plaintiff is informed and believes, and thereon alleges, that each fictitiously-named Defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

17. Each of the Defendants acted as an agent for each of the other Defendants in doing the acts alleged and each Defendant ratified and otherwise adopted the acts and statements performed, made or carried out by the other Defendants so as to make them directly and vicariously liable to the Plaintiff for the conduct complained of herein.

**GENERAL ALLEGATIONS**

18. Plaintiff is a highly acclaimed artist and designer. Plaintiff produces original art and a variety of consumer products featuring the Design, which functions as an indicator of the source of the product. Pictured below are several examples.

  

19. Plaintiff sells products featuring the Design (and which use the Design as a logo or indicator that the products were made by Plaintiff) in his online e-commerce shop as well as at a variety of other retailers.

20. Plaintiff also uses the Design as a signature/logo on his art pieces, and is known for displays of the Design on its own (including sometimes as "stickers"), unattached to a consumer product or art pieces, as a work of art itself and as a promotional device. A few examples are shown below.

  

 

21. Without Plaintiff's knowledge, authorization, or consent, Defendants

created and began selling a collection of apparel items bearing the Design under the brand name EV1. As shown in the examples above and below, many items in the EV1 Collection feature a slavish copy of the Design.



22. Based on information and belief, in part based on public statements, DeGeneres partnered with Defendant Walmart to design, sponsor, promote, distribute and sell the EV1 Collection. DeGeneres participated in and approved the designs for the EV1 Collection. On information and belief, DeGeneres profited from sales of the EV1 Collection, including those goods bearing Plaintiff's Design.

23. As shown in the images above, Walmart has placed its unauthorized copies of Plaintiff's Design next to its own "EV1" trademark and stylized "E" logo,

thereby creating the false commercial impression that Plaintiff's Design originated with Walmart, and purports to identify Walmart as the source of goods bearing Plaintiff's Design.

24. Plaintiff notified Defendants in writing of the infringement in May 2019, and demanded that it stop. After indicating several times that it needed more time to investigate the matter, Walmart's attorneys eventually provided a substantive response in July 2019, brushing off Rivera's claims. More specifically, Walmart's lawyers implausibly asserted that it had not copied the Design, that its own graphic was quite different, and that the Design was only minimally creative.

25. Defendants' actions have caused, and will continue to cause, damage and irreparable harm to Plaintiff (as described above) and are likely to continue unabated, thereby causing further damage and irreparable harm to Plaintiff, unless preliminarily and permanently enjoined and restrained by the Court.

26. Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Design, in an amount to be established at trial.

27. Plaintiff is informed and believes, and thereon alleges, that Defendants' alleged conduct was, and continues to be, intentional, deliberate, willful, wanton, committed with the intention of injuring Plaintiff, and depriving Plaintiff of Plaintiff's legal rights; was, and is, despicable conduct that subjects Plaintiff to a cruel and unjust hardship; and was, and continues to be, undertaken with oppression, fraud and malice. Accordingly, Plaintiff is entitled to an award of punitive or exemplary damages.

28. Defendants infringed as described above, and used copies of Plaintiff's Design in interstate commerce.

## First Claim For Relief For Copyright Infringement
## (Against All Defendants)

29. Plaintiff incorporates by this reference all prior paragraphs as if set forth in full in this cause of action.

30. Plaintiff's Design was created in 2011, and first published August 10, 2012. Plaintiff's Design is an original work that may be copyrighted under United States law. Plaintiff applied to the copyright office and received a certificate of registration for the Design, dated May 3, 2013 and identified as United States Copyright Registration Number VA 1-888-422.

31. After the copyright was issued for Plaintiff's Design, Defendants infringed Plaintiff's copyright by copying and reproducing the Design on the EV1 Collection, as described above. All of Defendants' acts were performed without the permission, license or consent of Plaintiff; and (on information and belief) willfully, with full knowledge of Plaintiff's rights in and to the Design.

32. Defendants continue to infringe Plaintiff's copyright by continuing to produce and sell the infringing EV1 Collection in violation of the copyright, and further have engaged in unfair trade practices and unfair competition in connection with the production and sale of the infringing EV1 Collection, thus causing irreparable damage.

33. As a result of Defendants' infringement, Plaintiff has suffered and will continue to suffer substantial damage to Plaintiff's businesses in the form of diversion of trade, loss of profits, and a diminishment in the value of Plaintiff's works, rights, and reputation, all in amounts that are not yet ascertainable but not less than the jurisdictional minimum of this court. As a result of Defendants' misconduct as alleged herein, Plaintiff's reputation and career has been irreparably tarnished, diminishing the value of Plaintiff's works, and decreasing revenue derived from his work.

34. By reason of their infringement of Plaintiff's copyright as alleged

herein, Defendants are liable to Plaintiff for the actual damages incurred by Plaintiff as a result of the infringement, and for any profits of Defendants directly or indirectly attributable to such infringement.

**Second Claim For Relief For Contributory and**

**Vicarious Copyright Infringement**

**(Against DeGeneres)**

35. Plaintiff incorporates by this reference all prior paragraphs as if set forth in full in this cause of action.

36. On information and belief, based in part of her public statements, DeGeneres is contributorily liable for the infringement alleged herein because she knowingly induced, participated in, aided and abetted, and profited from the illegal reproduction and/or subsequent sales of garments featuring the Design.

37. On information and belief, based in part on her public statements, DeGeneres is vicariously liable for the infringement alleged herein because she had the right and ability to supervise the infringing conduct, including the practical ability to do so as part of the design and approval process, and because she had a direct financial interest in the infringing conduct.

**Third Claim for Relief for Unfair Competition Under Section 43(a) of**

**The Lanham Act (15 U.S.C. § 1125(a))**

**(Against All Defendants)**

38. Plaintiff incorporates by this reference all prior paragraphs as if set forth in full in this cause of action.

39. As described above, Plaintiff's Design functions in part as his brand identity, and acts as a source identifier in that consumers have come to recognize the Design as being associated with and a source identifier and signature of, Plaintiff, and indicating Plaintiff as the source of associated good. The goodwill and reputation associated with the Design is significant.

40. The Design, as an indicator of source, is strong, fanciful, non-

functional, distinctive, and inherently distinctive. Through Plaintiff's efforts in marketing, promoting, and selling his products, the Design has become distinctive of Plaintiff's artwork, brand, and products, and has acquired secondary meaning among relevant consumers and the public generally.

41. As alleged above, Defendants design, marketing, merchandising and promotion of the EV1 Collection improperly incorporates the Design, which is likely to cause consumers to mistakenly believe that Defendants and their products are associated with Plaintiff. Defendants use of the Design is likely to cause confusion or mistake or deception of purchasers as to the source of Plaintiff's and/or Defendants' goods. Defendants' conduct will damage Plaintiff's ability to enjoy, maintain and exploit his hard-won brand-recognition.

42. Although he maintains the highest standards of quality, Plaintiff has no control over the type or quality of the goods provided by Defendants. Goods of low quality or mass-market appeal, if associated with Plaintiff, could damage his brand's reputation. Further, such loss of goodwill with respect to customers and retailers has caused and will cause decreased revenues and decreased profits for Plaintiff. In addition, Defendants' use of the Design diminishes the distinctiveness of Plaintiff's work and brand, negatively affecting its ability to connote a single source of Plaintiff's products and the Design.

43. By reason of Defendants' acts of unfair competition as alleged herein, Plaintiff has suffered and will continue to suffer substantial damage to his business in the form of diversion of trade, loss of profits, and a dilution in the value of his rights and reputation, all in amounts which are not yet ascertainable but which are estimated to be not less than the jurisdictional minimum of this court. As a result of Defendants' misconduct as alleged herein, Plaintiff's reputation and career has been irreparably tarnished, diminishing the value of Plaintiff's works, and decreasing revenue derived from his work.

44. By their unauthorized use of Plaintiff's Design, Defendants have

committed, and continue to commit, violations of, *inter alia*, 15 U.S.C. § 1125(a). Defendants have wrongfully appropriated for themselves business, revenue, and goodwill value that properly belongs to Plaintiff, and that Plaintiff has invested time, money, skill, and energy in developing. Defendants have intentionally traded, and infringed upon Plaintiff's work, and the Design.

45. Defendants' acts of unfair competition in violation of 15 U.S.C. § 1125(a) have caused, and will continue to cause, damage and irreparable harm to Plaintiff and are likely to continue unabated, thereby causing further damage and irreparable harm to Plaintiff, and to the goodwill associated with the valuable and well-known Design, and Plaintiff's business relationships, unless preliminarily and permanently enjoined and restrained by the Court. Plaintiff has no adequate remedy at law and will suffer irreparable injury if Defendants are allowed to continue their wrongful conduct.

46. In committing these acts of unfair competition, Defendants acted willfully, wantonly, and recklessly; and with conscious disregard for Plaintiff's rights. Plaintiff is therefore entitled to punitive damages.

47. Plaintiff is entitled to all remedies available under the Lanham Act, including, but not limited to, preliminary and permanent injunctions, compensatory damages, treble damages, disgorgement of profits, costs and attorneys' fees.

## Fourth Claim for Relief for Unfair Business Practices Under California Business and Professions Code §§ 17200 et seq.
### (Against All Defendants)

48. Plaintiff incorporates by this reference all prior paragraphs as if set forth in full in this cause of action.

49. Defendants, by means of the conduct above, have engaged in, and are engaging in, unlawful, unfair, fraudulent and deceptive business practices under California Business and Professions Code §§ 17200 et seq. These acts and practices undertaken by Defendants violate California Business & Professions Code §17200

in that they are—as described above—unfair, fraudulent, and/or unlawful. Specifically, without limiting the generality of the foregoing, such acts and practices constitute violations of the Lanham Act, and are and were fraudulent in that: (a) Defendants seek to deceive consumers regarding the source, quality and origin of Defendants' goods and Defendants' association with Plaintiff; and (b) the general public and trade is likely to be confused regarding the business relationship between Plaintiff and Defendants. Further, without limiting the generality of the foregoing, the harm to Plaintiff and to members of the general public far outweighs the utility of Defendants' practices and, consequently, Defendants' practices constitute an unfair business act or practice within the meaning of Business and Professions Code § 17200.

50. Plaintiff has sustained, and will continue to sustain, serious and irreparable injury to his business and reputation as a direct and proximate result of Defendants' conduct. Unless Defendants are enjoined by this Court, there is a substantial possibility that they will continue to engage in such unlawful, unfair, and deceptive business practices, for which Plaintiff is without an adequate remedy at law. Accordingly, Plaintiff is entitled to a preliminary injunction and permanent injunction against Defendants and their officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, and all persons acting in concert with them, prohibiting them from engaging in further unlawful, unfair and/or fraudulent business practices.

51. As a direct result of Defendants' unlawful, unfair, fraudulent, and deceptive business practices, Defendants have received, and continue to receive, income and profits that they would not have earned but for their unlawful, unfair, and deceptive conduct and Plaintiff is entitled to disgorgement of such funds wrongfully obtained.

52. By reason of Defendants' acts of unfair competition as alleged herein, Plaintiff has suffered and will continue to suffer substantial damage to Plaintiff's

business in the form of diversion of trade, loss of profits, and a dilution in the value of his rights and reputation, all in amounts which are not yet ascertainable but which are estimated to be not less than the jurisdictional minimum of this court.

53. Plaintiff is also entitled under the provisions of Business and Professions Code §17208 to an injunction prohibiting Defendants, and each of them, from engaging in any acts, directly or indirectly, which constitute unlawful, unfair, and deceptive business practices.

54. In committing these acts of unfair competition, Defendants acted willfully, wantonly, and recklessly; and with conscious disregard for Plaintiff's rights. Plaintiff is therefore entitled to punitive damages.

55. Defendants' conduct, if allowed to proceed and continue and/or let stand, will cause irreparable damage to Plaintiff's valuable business relationships and consumer relations and will require Plaintiff to undertake efforts to mitigate damage to such relations, all to Plaintiff's detriment. Further, such mitigation costs will require substantial time, effort, and expenditures by Plaintiff, all to Plaintiff's detriment.

**Fifth Claim for Relief for Unfair Competition Under**
**California Common Law**
**(Against All Defendants)**

56. Plaintiff incorporates by this reference all prior paragraphs as if set forth in full in this cause of action.

57. The above-described conduct of Defendants constitutes unfair competition under the common law of the State of California.

58. As a result of Defendants' actions, Plaintiff has been damaged in an amount to be proven at trial.

**PRAYER**

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1. That Plaintiff is awarded all damages, including Defendants' profits

and/or statutory damages, and future damages, that Plaintiff has sustained, or will sustain, as a result of the acts complained of herein, subject to proof at trial;

2.    That Plaintiff is awarded his costs, attorneys' fees and expenses in this action;

3.    That Plaintiff is awarded pre-judgment interest;

4.    For an order permanently enjoining Defendants and their employees, agents, servants, attorneys, representatives, successors, and assigns, and any and all persons in active concert or participation with any of them, from engaging in the misconduct referenced herein;

5.    That Defendants be ordered to immediately recall and remove any and all infringing products from the marketplace;

6.    That Defendants be ordered to file with this Court and serve upon Plaintiff's counsel within thirty (30) days after services of the judgment demanded herein, a written report submitted under oath setting forth in detail the manner in which they have complied with the judgment;

7.    That Defendants be adjudged to have engaged in unlawful, unfair and/or fraudulent business practices and unfair competition in violation of California Business and Profession Code §§ 17200 et seq.;

8.    For disgorgement of all proceeds, and restitution of the monies wrongfully received by Defendants as the result of their wrongful conduct;

9.    For punitive damages in an amount sufficient to deter Defendants, and each of them, from their wrongful conduct; and

10.    For further relief, as the Court may deem appropriate.

DATED: April 16, 2020        GLUCK LAW FIRM P.C.

        By:    /s/
            Jeffrey S. Gluck
            Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on their claims on all issues triable by a jury.

DATED: April 16, 2020                GLUCK LAW FIRM P.C.

                                                     By:    /s/
                                                     Jeffrey S. Gluck
                                                     Attorneys for Plaintiff