BLANK ROME LLP
Jonathan A. Loeb (SBN 162758)
jloeb@blankrome.com
2029 Century Park East, 6th Floor
Los Angeles, CA 90067
Telephone: 424.239.3422
Facsimile:  424.239.3443

Counsel for Defendants ELLEN DEGENERES
and BCL-ED NEWCO LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JULIAN RIVERA, an individual;<br><br>Plaintiff,<br><br>v.<br><br>WALMART, INC., a Delaware corporation; WALMART APOLLO, LLC, a Delaware limited liability company; ELLEN DEGENERES, an individual; BCL-ED NEWCO LLC, a Delaware limited liability company; and DOES 2-10 inclusive,<br><br>Defendants. | Case No. 2:19-cv-06550 PSG (ASx)<br><br>**DEFENDANT BCL-ED NEWCO, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

153565.00604/123307853v.1

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendant BCL-ED NEWCO, LLC s/h/a BCL-ED NEWCO LLC ("BCL") answers and responds to the April 22, 2020 First Amended Complaint for Copyright and Trademark Infringement (the "FAC") by Plaintiff JULIAN RIVERA ("Rivera"), served effective May 6, 2020, as follows. BCL specifically denies all allegations not expressly admitted below:

1. Defendant BCL denies knowledge and information sufficient to respond to the allegation regarding the alleged 'acclaim' of Rivera as an artist or for any other reason, or whether Rivera is known for any art or design, or known for anything other than suing BCL and Defendants Ellen DeGeneres ("ED") and Walmart in this lawsuit. BCL denies knowledge or information concerning the extent to which Rivera has displayed the subject line drawing of a heart resembling or depicting the word, "Love" (hereinafter, the "Design") on any products or apparel, or anywhere. BCL denies the remaining allegations or assertions in paragraph 1.

2. Defendant BCL admits in paragraph 2 that in or about March 2018, BCL, the holding company which manages ED Ellen DeGeneres, its licensees and vendors, and a contractual relationship with Defendant Walmart, Inc. ("Walmart"), entered into a contract with Walmart which, among other things, pertained to the development of an apparel line known as EV1 manufactured and sold by Walmart. BCL denies the EV1 apparel line prominently features the Design without Rivera's consent or prominently features the Design. BCL denies the remaining allegations in paragraph 2 and refers to the Court all questions or conclusions of law alleged therein.

3. Defendant BCL denies knowledge or information sufficient to respond to the allegations in paragraph 3 which pertain to the extent to which Walmart promoted the EV1 Collection (as defined in the FAC) and to whom such promotions were made or intended, including the volume of such persons to whom any promotion was made. Admits ED referred to the EV1 Collection during ED's television show, including on one occasion, providing gift cards to certain audience members.

4. Defendant BCL denies in paragraph 4 the EV1 Collection as defined in

the FAC "has been a great success" due to the alleged "infringing pieces." BCL denies the remaining allegations in paragraph 4 and denies that any success or sales of the EV1 Collection are attributed to the Design, and refers to the Court all questions or conclusions of law alleged in paragraph 4.

5. Defendant BCL denies the allegations in paragraph 5.

6. Defendant BCL denies knowledge or information in paragraph 6 concerning the extent to which Rivera has avoided commercialization of his art (if any) or work (if any) including its distribution channels, if any. BCL denies knowledge or information about what Rivera believes may be "antithetical to a street artist's credibility" or the extent to which Rivera is a "street artist" or has any competence to allege what is important to artists or whether other artists may conclude Rivera "sold out," whatever that means. BCL denies the remaining allegations in paragraph 6.

7. Defendant BCL admits in paragraph 7 (and the FAC) that Rivera is suing for copyright infringement and for trademark claims, but denies the claims have any legal or factual merit. BCL denies the remaining allegations in paragraph 7, and respectfully refers to the Court all questions or conclusions of law alleged therein.

8. Defendant BCL admits in paragraph 8 that Rivera brings this action for copyright infringement under the Lanham Act, but denies any infringement by Defendants and denies Rivera may assert a cognizable claim under 17 U.S.C. § 101 et seq.

9. Defendant BCL admits in paragraph 9 the Court has subject matter jurisdiction over the claims as framed and as pleaded in the FAC, but respectfully refers to the Court any final determination as to its subject matter jurisdiction or conclusions of law alleged in paragraph 9.

10. Defendant BCL admits the Court has personal jurisdiction over BCL based upon how the allegations are framed and pleaded in the FAC, and respectfully refers to the Court all questions or conclusions of law alleged in paragraph 10. BCL

denies there was any misconduct or that it "was directed to California and this district."

11. Defendant BCL admits venue in this District is proper as the allegations are framed and as pleaded in the FAC, and respectfully refers to the Court all questions or conclusions of law alleged in paragraph 11.

12. Defendant BCL denies knowledge or information sufficient to respond to the allegations in paragraph 12.

13. Defendant BCL admits that Walmart is a Delaware company authorized to conduct business in California. BCL denies knowledge or information sufficient to respond to the remaining allegations in paragraph 13.

14. Defendant BCL admits in paragraph 14 that Walmart Apollo, LLC is a Delaware company. BCL denies knowledge or information sufficient to respond to the remaining allegations in paragraph 14.

15. Defendant BCL admits in paragraph 15 that ED is an individual who is a successful comedian and actress, among other skills and talents, including hosting a highly-rated daytime television talk show, and admits ED has a high volume of persons following ED on Instagram, Twitter, and Facebook, but denies knowledge or information concerning the actual number of followers, which volume is fluid. BCL admits that ED principally resides in California. BCL denies the remaining allegations in paragraph 15.

16. Defendant BCL admits in paragraph 16 that after the Complaint was filed, ED informed Plaintiff in a Fed. R. Civ. P. 26 disclosure that BCL, a Delaware company, participated in the design of certain apparel in the EV1 Collection though a contract between BCL and Walmart, and that BCL possesses information about the creation of the design graphics on the EV1 Collection. Admits that Plaintiff substituted BCL as a Doe 1 Defendant but denies knowledge and information about the names and identities of Doe Defendants 2-10, to the extent they even exist, and the extent to which Plaintiff will amend the FAC. BCL denies the remaining

allegations in paragraph 16 and respectfully refers to the Court all questions or conclusions of law alleged therein.

17. Defendant BCL denies in paragraph 17 that BCL or ED acted as an agent for Walmart or Walmart Apollo, LLC or ratified or adopted the acts and statements by or of these Defendants. BCL denies knowledge or information concerning the conduct or activities attributed to Walmart or Walmart Apollo, LLC, and denies the remaining allegations in paragraph 17.

18. Defendant BCL denies knowledge and information in paragraph 18 sufficient to respond to the allegation regarding the alleged 'acclaim' of Rivera or whether Rivera is known for any art or design or known for or produced or created the examples of art depicted in paragraph 18. BCL denies knowledge or information concerning the extent to which Rivera produces original art or consumer products featuring the Design or featuring any design or distinctive art. BCL denies the remaining allegations in paragraph 18.

19. Defendant BCL denies knowledge or information sufficient to respond to the allegations in paragraph 19, and respectfully refers to the Court all questions or conclusions of law alleged therein.

20. Defendant BCL denies knowledge or information sufficient to respond to the allegations in paragraph 20, including whether the example photos depicted in paragraph 20 are attributable to Rivera or depict any work or art by Rivera. BCL refers to the Court all questions or conclusions of law alleged therein.

21. Defendant BCL admits it participated in the creation of the design of certain graphics as part of the EV1 Collection, but denies the remaining allegations in paragraph 21, and refers to the Court all questions or conclusions of law alleged therein.

22. Defendant BCL admits the allegations in paragraph 22 that ED sometimes approved certain designs for the EV1 Collection, but denies ED approved the Design. BCL denies the remaining allegations in paragraph 22, and respectfully refers to the

1  Court all questions or conclusions of law alleged therein.

2      23.    Defendant BCL denies the allegations in paragraph 23.

3      24.    Defendant BCL denies in paragraph 24 that Rivera notified BCL in May 2019 about any alleged infringement. Admits that Walmart, by its counsel, responded to an inquiry by Rivera's counsel regarding the claimed infringement, but denies that any response included an implausible assertion. BCL denies any infringement warranted a response by Defendants, and denies the remaining allegations or inferences in paragraph 24.

    25.    Defendant BCL denies the allegations in paragraph 25, and respectfully refers to the Court all questions or conclusions of law alleged therein.

    26.    Defendant BCL denies the allegations in paragraph 26, and respectfully refers to the Court all questions or conclusions of law alleged therein.

    27.    Defendant BCL denies the allegations in paragraph 27, and respectfully refers to the Court all questions or conclusions of law alleged therein.

    28.    Defendant BCL denies the allegations in paragraph 28, and respectfully refers to the Court all questions or conclusions of law alleged therein.

    29.    In response to paragraph 29, Defendant BCL repeats and reasserts all paragraphs responsive to FAC paragraphs 1-28 as if set forth in full.

    30.    Defendant BCL denies knowledge or information sufficient to respond to the allegations in paragraph 30 regarding when the Design was created (if by Rivera) or published (if by Rivera), and refers to the Court all questions or conclusions of law alleged therein. Admits Rivera received a certificate of registration dated May 3, 2013 (Copyright Registration VA 1-888-422). BCL denies the remaining allegations in paragraph 30, and respectfully refers to the Court all questions or conclusions of law alleged therein.

    31.    Defendant BCL denies the allegations in paragraph 31, and respectfully refers to the Court all questions or conclusions of law alleged therein.

    32.    Defendant BCL denies the allegations in paragraph 32, and respectfully

1  refers to the Court all questions or conclusions of law alleged therein.

2      33.    Defendant BCL denies the allegations in paragraph 33, and respectfully
3  refers to the Court all questions or conclusions of law alleged therein.

4      34.    Defendant BCL denies the allegations in paragraph 34 and respectfully
5  refers to the Court all questions or conclusions of law alleged therein.

6      35.    In response to paragraph 35, Defendant BCL repeats and reasserts all
7  paragraphs responsive to FAC paragraphs 1-34 as if set forth in full.

8      36.    Defendant BCL denies the allegations in paragraph 36, and respectfully
9  refers to the Court all questions or conclusions of law alleged therein.

10     37.    Defendant BCL denies the allegations in paragraph 37, and respectfully
11 refers to the Court all questions or conclusions of law alleged therein.

12     38.    In response to paragraph 38, Defendant BCL repeats and reasserts all
13 paragraphs responsive to FAC paragraphs 1-37 as if set forth in full.

14     39.    Defendant BCL denies in paragraph 39 knowledge or information
15 concerning the extent to which the Design "functions" as Rivera's "brand identity" or
16 the extent to which anyone recognizes the Design as being associated with Rivera.
17 BCL denies the remaining allegations in paragraph 39, and respectfully refers to the
18 Court all questions or conclusions of law alleged therein.

19     40.    Defendant BCL denies in paragraph 40 knowledge or information
20 concerning the extent to which Rivera marketed or promoted the Design, if at all, or
21 has sold products bearing the Design ('selling-out' as Rivera suggests).  BCL denies
22 the remaining allegations in paragraph 40, and respectfully refers to the Court all
23 questions or conclusions of law alleged therein.

24     41.    Defendant BCL denies the allegations in paragraph 41, and respectfully
25 refers to the Court all questions or conclusions of law alleged therein.

26     42.    Defendant BCL denies in paragraph 42 knowledge or information
27 concerning the extent to which Rivera maintains any standards of quality with regard
28 to the Design (or other matters) and whether goods with alleged "low quality" or

1  alleged "mass-market appeal" damage the unknown Rivera in any discernable way.
2  BCL denies the remaining allegations in paragraph 42, and respectfully refers to the
3  Court all questions or conclusions of law alleged therein.

4        43.   Defendant BCL denies the allegations in paragraph 43, and respectfully
5  refers to the Court all questions or conclusions of law alleged therein.

6        44.   Defendant BCL denies the allegations in paragraph 44, and respectfully
7  refers to the Court all questions or conclusions of law alleged therein.

8        45.   Defendant BCL denies the allegations in paragraph 45, and respectfully
9  refers to the Court all questions or conclusions of law alleged therein.

10       46.   Defendant BCL denies the allegations in paragraph 46, and respectfully
11 refers to the Court all questions or conclusions of law alleged therein.

12       47.   Defendant BCL denies the allegations in paragraph 47, and respectfully
13 refers to the Court all questions or conclusions of law alleged therein.

14       48.   In response to paragraph 48, Defendant BCL repeats and reasserts all
15 paragraphs responsive to FAC paragraphs 1-47 as if set forth in full.

16       49.   Defendant BCL denies the allegations in paragraph 49, and respectfully
17 refers to the Court all questions or conclusions of law alleged therein.

18       50.   Defendant BCL denies the allegations in paragraph 50, and respectfully
19 refers to the Court all questions or conclusions of law alleged therein.

20       51.   Defendant BCL denies the allegations in paragraph 51, and respectfully
21 refers to the Court all questions or conclusions of law alleged therein.

22       52.   Defendant BCL denies the allegations in paragraph 52, and respectfully
23 refers to the Court all questions or conclusions of law alleged therein.

24       53.   Defendant BCL denies the allegations in paragraph 53, and respectfully
25 refers to the Court all questions or conclusions of law alleged therein.

26       54.   Defendant BCL denies the allegations in paragraph 54, and respectfully
27 refers to the Court all questions or conclusions of law alleged therein.

28       55.   Defendant BCL denies the allegations in paragraph 55, and respectfully

refers to the Court all questions or conclusions of law alleged therein.

56. In response to paragraph 56, Defendant BCL repeats and reasserts all paragraphs responsive to FAC paragraphs 1-55 as if set forth in full.

57. Defendant BCL denies the allegations in paragraph 57, and respectfully refers to the Court all questions or conclusions of law alleged therein.

58. Defendant BCL denies the allegations in paragraph 58, and respectfully refers to the Court all questions or conclusions of law alleged therein.

## AFFIRMATIVE DEFENSES

As for additional defenses, and without assuming any burden of pleading or proof that would otherwise rest on BCL, and reserving the right to amend this Answer to assert any additional defenses when, and if, in the course of BCL's investigation, discovery, preparation for trial, or otherwise, it becomes appropriate to assert such defenses, BCL alleges the following affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. Plaintiff fails to state a claim against Defendants upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Third-party Responsibility)

2. One or more third parties are liable for the conduct alleged and will be required to answer and indemnify.

### THIRD AFFIRMATIVE DEFENSE
### (Lack of Willfulness)

3. BCL did not willfully infringe Rivera's copyright and is therefore not liable or responsible for statutory (or any) damages under 17 U.S.C. § 504(c)(2) or any other statute.

### FOURTH AFFIRMATIVE DEFENSE
### (Fault of Others)

4. Any loss, injury, damage, or detriment actually suffered or sustained by

Rivera was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, or errors or actions of parties other than BCL or ED.  Such additional party(ies) are responsible, to the extent Rivera is entitled to any relief in this action, for such damages.

### FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

5. Rivera has unclean hands given that Rivera was aware of such challenged use of the Design and consented to its use to raise Rivera's standing, reputation, or profile.

### SIXTH AFFIRMATIVE DEFENSE
### (Fair Use)

6. Rivera's claims for relief are barred by the "Fair Use Doctrine" pursuant to Section 107 of the Copyright Act, 17 U.S.C. §107.

### SEVENTH AFFIRMATIVE DEFENSE
### (Laches)

7. The action is barred by the doctrine of Laches.

### EIGHT AFFIRMATIVE DEFENSE
### (Equitable Estoppel)

8. The action is barred by the doctrine of equitable estoppel.

### NINTH AFFIRMATIVE DEFENSE
### (Non-Infringing Conduct)

9. BCL's conduct was innocent, non-infringing, and not a willful infringement of copyright.

### TENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

10. Any alleged infringement is barred by the statutes of limitations as set forth in section 507 of the Copyright Act, 17 U.S.C. §507, and as set forth in California Civil Code §339(1), and other applicable statutes of limitations.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Independent Creation)**

11. The design on the EV1 Collection challenged by Rivera was independently created without any influence of the Design or any art or work by Rivera.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Misuse of Design)**

12. Rivera has engaged in one or more acts that have misused his Design.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Illegality)**

13. Rivera's' claims are barred to the extent Rivera claims copyright protection in a work that is not original to Rivera or to the extent Rivera acted in a way that is immoral, illegal, obscene, or libelous.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Copyright Estoppel)**

14. By Rivera's own actions and/or assertions, Rivera is legally or equitably estopped from asserting the claims herein.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Waiver)**

15. Rivera waived his rights to claim copyright infringement.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Abandonment)**

16. Rivera abandoned or forfeited his copyright, if any.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Acquiesced)**

17. Rivera has acquiesced in any alleged copyright infringement.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

18. Rivera has failed, refused, and/or neglected to take reasonable steps to

mitigate his alleged damages, if any, thus barring or diminishing any recovery by Rivera.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Un-Protectable Idea)

19. Rivera's claim is barred since critical parts or portions of his alleged protected copyright is invalid due to consisting of un-protectable idea(s) or processes.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Invalid Facts)

20. Rivera's claim is barred since critical part or portions of his alleged protected copyright is invalid due to consisting of fact(s).

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Lack of Standing)

21. Rivera's claim is barred because Rivera lacks standing because he failed to adequately demonstrate he is the sole owner of the subject design or that any rights have been infringed.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Lack of Damages)

22. Rivera has not, and cannot prove recoverable damages or that any of the actions complained-of by Defendants has actually harmed Rivera.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (No Statutory Damages)

23. Rivera is barred by 17 U.S.C. § 412 from claiming statutory damages or attorney's fees under the Copyright Act in that any alleged acts of infringement occurred before first registration of Rivera's alleged work.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Non-Valid Registration)

24. Rivera does not meet the registration requirements of the Copyright Act including 17 U.S.C. 412(2), and the subject Design is invalid or unenforceable.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Non-Ownership)

25. Rivera is not the true owner of the subject Copyright at issue.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Public Domain)

26. Rivera's subject copyright has elements taken from the public domain upon which a copyright infringement action cannot be maintained.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Doctrine of Merger)

27. Rivera's claims, including assertion of copyright protection, is barred by the Doctrine of Merger.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Scenes-a-faire Doctrine)

28. This action and the claim of infringement is barred by the "scenes-a-faire" doctrine; the Design also is standard for a 'heart' and descriptive "love" language.

### TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Limitations on Exclusive Rights)

29. This action is barred by 17 U.S. C. § 117 limitations on exclusive rights.

### THIRTIETH AFFIRMATIVE DEFENSE
### (Fraud on Copyright Office)

30. Rivera's copyright application for the work at issue is based upon misleading or false representations, including that Rivera is the sole author of the subject Design, work, including its look, words, and appearance. Absent such misleading representations, no registration would have issued.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
### (First Amendment)

31. Rivera's claim is barred to the extent Defendants' expressions and designs are protected by the First Amendment of the U.S. Constitution.

BCL may have additional defenses of which BCL is not presently aware. BCL reserves its right to supplement or amend this Answer and to assert additional defenses in law or equity which may become available or known through discovery, investigation, or further proceedings in this lawsuit.

**WHEREFORE,** BCL requests this Honorable Court order the following relief:

1. Dismissal of the FAC with prejudice;
2. Plaintiff shall take no relief from his FAC;
3. BCL's costs and attorneys' fees herein incurred be paid by Plaintiff; and
4. For such further and other relief and the Court deems fair and just.

## DEMAND FOR JURY TRIAL

BCL respectfully demands a trial by jury on all issues so triable.

DATED:  May 20, 2020

                BLANK ROME LLP

                By: _____
                    Jonathan A. Loeb
                Counsel for Defendants
                ELLEN DEGENERES and BCL-ED NEWCO LLC